Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

UNITED STATES BANKRUPTCY
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

| IN RE:<br><br>RICHARD MICHAEL MARTIN<br>and NANETTE MARIE MARTIN,<br><br>Debtors. | CASE NO. 2:15-bk-20581<br><br>CHAPTER 7<br><br>JUDGE FRANK W. VOLK |
|---|---|

## MEMORANDUM OPINION AND ORDER

Pending are interested party John Simms' Amended Motion for Leave to File a Complaint [Dckt. 107] and Amended Motion for Relief from Automatic Stay [Dckt. No. 106].[1]

### I.

Debtor Michael Martin represented Brian Wooten in a personal injury action against Mr. Simms in the Circuit Court of Kanawha County (the "State Court"). Mr. Wooten alleged that he sustained personal injuries after Mr. Simms operated his motor vehicle in a negligent manner. On May 24, 2012, Mr. Martin notified Mr. Simms' carrier, Chartis Insurance, of the occurrence and made a claim on behalf of Mr. Wooten for medical payment coverage. Mr. Martin later negotiated a $35,000 settlement in full satisfaction of all claims on behalf of Mr. Wooten.

---

[1] Inasmuch as these motions are the second iteration of the originals [Dckt. No. 87 and 88], the Court **DENIES** the originals without prejudice. The Amended Motions are used in resolving the matter.

On July 18, 2014, Chartis Insurance tendered a check to Mr. Wooten and Mr. Martin for $35,000. The check stated, "FULL AND FINAL ALL CLAIMS[.]" The check was cashed on July 28, 2014. The State Court action remained open. Soon after, Mr. Wooten alleged that Mr. Martin absconded with the settlement proceeds. Despite the settlement, Mr. Wooten served Mr. Simms in an effort to receive compensation for his injuries.

On July 22, 2015, the State Court entered an order granting Mr. Simms' Motion to Compel Joinder of Mr. Martin and Martin and Associates as indispensable parties. On August 11, 2015, Mr. Simms filed a Third-Party Complaint in the State Court action against Mr. Martin and Martin and Associates, alleging fraud, constructive fraud, negligence, implied indemnity, and contribution. On October 27, 2015, the State Court entered a default judgment against Mr. Martin and Martin and Associates. The default judgment order did not quantify damages. It stated only that, "the measure of damages to be assessed against Third Party Defendants relates to the extent of any verdict rendered against Defendant/Third-Party Plaintiff in the underlying matter."

On November 10, 2015, Mr. Martin petitioned for relief under Chapter 7 of the Bankruptcy Code. As a result, the matters in State Court were stayed pursuant to 11 U.S.C. § 362. On December 10, 2015, counsel for Mr. Simms received a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" for Debtors "Richard Michael Martin" and "Nanette Marie Martin." The notice informed counsel that the "Deadline to object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 2/16/2016." Mr. Simms did not object to the Martins' Discharge, nor did Mr. Simms challenge the dischargeability of his debt. On April 18, 2016, Mr. Simms filed a Proof of Claim in the amount of $35,000 on the basis of fraud, constructive fraud, and negligence.

Mr. Simms now moves for leave to file an adversary complaint as a means to challenge the dischargeability of his debt. [Dckt. No. 107]. Separately, Mr. Simms moves to lift the automatic stay in order to permit the adjudication in the State Court action of his claims against Mr. Martin. [Dckt. No. 106].

## II.

### A. Governing Standard

#### 1. Extension of Time to File an Objection to Dischargeability

The time to object to discharge under 11 U.S.C. §§ 523 or 727 is ordinarily no later than 60 days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a). Fed. Bankr. P. 4007(c). An exception is permitted where a creditor lacks actual notice of being added to the bankruptcy as a scheduled creditor or for cause. 11 U.S.C. § 523(a)(3)(B); Fed. R. Bankr. P. 4004(b). To the extent relief from the deadline might possibly be granted under these circumstances, *see Farouki v. Emirates Bank Intern., Ltd.*, 14 F.3d 244 (4th Cir. 1994), the determination is committed to the discretion of the bankruptcy court, using the follow factors to guide the analysis. "(1) whether the debtor has refused to cooperate with the creditor in bad faith; (2) whether the creditor has sufficient notice of the deadline and the information to file an objection; (3) whether the proceedings in a different forum will result in collateral estoppel on the relevant issues; (4) whether the creditor exercised diligence; and (5) the complexity of the case." *In re Estrin*, 529 B.R. 865, 870 (Bkrtcy. D.S.C. 2015).

### 2. Relief from Automatic Stay for Cause

One of the fundamental elements of bankruptcy protection, under any chapter, is imposition of the automatic stay. Section 362 of the Bankruptcy Code outlines the stay and its applicability. It is a powerful tool, and one that is essential in furthering the "fresh start" policy of the Code. However, in certain situations, the stay can be lifted to allow entities to proceed against a debtor or property of a debtor. One of those instances is contained in 11 U.S.C. § 362(d)(1), which states that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." 11 U.S.C. § 362(d)(1) (2012).

The meaning of the word "cause" is undefined in the Code and has historically been interpreted on a case-by-case basis. *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). The *Robbins* court set forth standards by which bankruptcy courts could assess "cause" under § 362(d)(1). *Id.* The factors are as follows: (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that the creditors seek enforcement of any judgment through the bankruptcy court. *Id.*

B.   Analysis

1.   **Extension to File Objection to Dischargeability**

The second and fourth factors discussed in *In re Estrin* weigh decisively against the requested extension. Mr. Simms does not dispute he received, through his counsel, actual notice of the Martins' bankruptcy case and the deadline by which to file an objection to dischargeability. Nor does Mr. Simms dispute that the deadline to object was February 16, 2016 -- over a year ago. The fifth factor also cuts sharply in the Martins' favor. The matter is not complex. The third factor is also in the Martins' column. The Martins have not appeared on the third-party complaint and, it would appear, their liability thereon will soon be fully and finally liquidated. Issue preclusion thus redounds to the benefit of Mr. Simms and not his adversaries. Assuming Mr. Simms has the best of it on the final factor, bad faith, such illustrates precisely why he should have, and could have, moved seasonably to demand that his rights to the proceeds survive the bankruptcy. This he failed to do -- by a longshot -- and, given the weight attributed to the other four factors, he has failed to make the showing required for an extension.

It is accordingly, **ORDERED** that Mr. Simms' Motion for Leave to File a Complaint [Dckt. No. 107] be, and hereby is, **DENIED**.

2.   **Relief from the Automatic Stay**

As my good colleague in the north has noted, "the Debtor's bankruptcy estate can be protected by modifying the automatic stay to allow the state court to enter judgment against the Debtor, if appropriate. Enforcement of any potential judgment as to the Debtor is a matter of bankruptcy law to be taken up within the context of claims against the debtor's bankruptcy estate." *In re 201 West Liberty Holdings, LLC*, 400 B.R. 510, 515 (Bankr. N.D. W.Va. 2009) (Flatley,

C.J.). Nevertheless, while the issues in the pending State Court action are governed by West Virginia law, the cause showing there ends. First, judicial economy does not support the requested lift. Mr. Simms can practically achieve the same end by filing an amended claim for the amount to which he believes he is entitled. By doing so, he saves the Trustee the time and expense that may accompany attempting to set aside the state default or appear and defend on the matter of damages. Further, the no-asset status of the estate figures prominently in the equation. Were that not enough, Mr. Simms has made little to no showing that other creditors would not be harmed by the proposed lift.

It is accordingly, **ORDERED** that Mr. Simms' Motion for Relief from the Automatic Stay to litigate in State Court [Dckt. No. 106] be, and hereby is, **DENIED**.