**Paul M. Black**
**Bankruptcy Judge, Western District of Virginia**

**Dated: July 25th, 2023**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 15-20581 |
| RICHARD MICHAEL MARTIN and | ) | |
| NANETTE MARIE MARTIN, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on a motion filed by Charles Adkins, James Vance, Luegenia Pannel, Bertha McCormick, Anthony I. McCorkle, Ashley J. Duncan, Charles Carrington, Deonne Bowen and Candace A. Carrington ("Movants"), by counsel, Henry E. Wood, III, to allow late filed claims to be deemed timely filed. This Court heard argument from Counsel on June 22, 2023 and took the matter under advisement. The Movants were given until July 13, 2023 to provide authority in support of the motion, and on that date, the Movants filed a brief on the issues. The matter is now ripe for resolution.

### JURISDICTION

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the assignment and designation to the undersigned by Order from the

United States Court of Appeals for the Fourth Circuit on October 6, 2020 pursuant to 28 U.S.C. § 155(a). This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

## STATEMENT OF THE CASE

On November 10, 2015, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. Pursuant to the Notice issued on January 21, 2016, creditors were to file proofs of claim in the case on or before April 20, 2016.

Prior to filing for bankruptcy, the Male Debtor was a personal injury attorney. Among the claims against the Debtor's estate were sixteen claims by the Debtor's former clients whose cases were settled but to whom the Debtor failed to remit settlement proceeds  Movants are nine of those creditors. The other seven creditors filed their claims on or before the deadline of April 20, 2016 in the approximate of $350,000.00. Proofs of claim for the Movants, however, were only received by the Court on April 22, 2016, by mail.

On May 15, 2023, the Movants, by Counsel, filed a Motion to Allow Claims to be Considered Timely Filed in the total amount of $236,500.00. [Docket Entry No. 191]. In their Motion, the Movants assert that Counsel for the Movants mailed the proofs of claim prior to the deadline believing that the "mailbox rule" applied and the date of mailing would satisfy the filing date; that the Movants acted in good faith in filing their claims; that the Debtor would not be harmed by deeming the late claims timely; and that the late filing was due to excusable neglect by Counsel. [Motion, ¶ 7].

No objection has been filed to either the Movants proofs of claim or the Motion.[1]

---

[1] The Chapter 7 Trustee neither appeared nor filed a response.

2

On June 22, 2023, this Court heard Counsel's argument on the Motion. Counsel reiterated that his office believed the deadline to file claims was a deadline to postmark the proofs of claim rather than the date of receipt. The Court inquired about the applicability of Federal Rule of Bankruptcy Procedure 3002(c) and allowed counsel twenty-one days to file a brief supporting his argument that the excusable neglect standard applies to Chapter 7 cases, or that the Court otherwise has the authority to vary application of the rule.

On July 13, 2023, the Creditors, through Counsel, filed a Memorandum in Support of the Motion to Allow Filing of Late Claim. [Docket Entry No. 201]. In their Memorandum, the Movants concede that application of Bankruptcy Rule 3002(c) is correct, but ask this Court to exercise its equitable authority to allow these late filed claims to be deemed timely filed, in light of the lack of objections and the minimal delay of the Court's receipt of the proofs of claim.

## CONCLUSIONS OF LAW

**I. Federal Rule of Bankruptcy Procedure 3002(c) determines the deadlines for filing proofs of claim in Chapter 7 cases.**

The Movants request that their proofs of claim be considered timely because they were filed late due to excusable neglect. Federal Rule of Bankruptcy Procedure 9006 controls extensions of deadlines set by the Bankruptcy Rules. While Rule 9006(b)(1) states that "excusable neglect" may give the Court discretion to extend a given time requirement, the same section directly refers to subsection (b)(3) of Rule 9006 as an exception to the excusable neglect standard. Rule 9006(b)(3), in turn, references extensions under Rule 3002(c):

> (b) Enlargement.
> (3) Enlargement governed by other rules: The court may enlarge the time for taking action under Rule[…] 3002(c) […] *only* to the extent and under the conditions stated in [that rule].

3

Fed. R. Bankr. P. 9006(b)(3) (emphasis added).

In deciding whether to allow an extension of the deadline to file claims, the Court must follow the text of Bankruptcy Rule 3002(c). Rather than the excusable neglect standard, where the Court has more discretion to grant extensions, voluntarily filed cases under Chapter 7, such as the present case, are covered under Rule 3002(c). Bankruptcy Rule 3002(c) states:

> (c) Time for filing. In a voluntary chapter 7 case, chapter 12 case, or chapter 13 case, a proof of claim is timely filed if it is filed not later than 70 days after the order for relief under that chapter or the date of the order of conversion to a case under chapter 12 or chapter 13. . . . But in all these cases, the following exceptions apply[.]

Fed. R. Bankr. P. 3002(c). The Rule then provides a list of seven exceptions which may warrant an extended period of time for filing, none of which are applicable here. The exceptions provide the only bases for extension, and the failure to meet at least one of them excludes a claimant in a voluntary Chapter 7 case from having their late filed claim deemed timely.

In addition to the plain language in both Rule 9006(b)(3) and 3002(c), the Court also relies on guidance from statements in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489 (1993), in deciding that Rule 3002(c), rather than the excusable neglect standard, applies in a Chapter 7 case. The Supreme Court stated: "The 'excusable neglect' standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases but not in Chapter 7 cases." *Pioneer*, 507 U.S. at 389. The Supreme Court goes further in an instructive footnote to state that "[o]ne of the time requirements listed as excepted in Rule 9006(b)(3) is that governing the filing of proofs of claim in Chapter 7 cases. Such filings are governed exclusively by Rule 3002(c)." *Id.* at 389 n.4. This opinion was in a Chapter 11 case, and thus the Court applied the excusable neglect standard, but this Court finds that the statements

4

distinguishing between late filed claims under Chapter 11 and Chapter 7 are both instructive and persuasive.

A Bankruptcy Court in the Southern District of Florida also found the statements in *Pioneer* persuasive in a similar case to the one at hand. In *In re DV8, Inc.*, 435 B.R. 738 (Bankr. S.D. Fla. 2010), movants argued they should be permitted to have their late filed proof of claim deemed timely filed because they were "under the impression" that they did not need to file proofs of claim in the Chapter 7 case after it was converted from Chapter 11. *In re DV8, Inc.*, 435 B.R. at 740. The court does not go into a multifactor analysis to determine whether the actions constituted excusable neglect, but instead quotes *Pioneer* in finding that the excusable neglect standard does not apply, and the claims cannot not be considered timely filed if they do not meet an exception under Rule 3002(c).

Since the excusable neglect standard does not apply, and Rule 3002(c) governs in this case, the Movants' only means of having their late filed claims considered timely would be to meet an exception in Rule 3002(c). In their materials, the Movants do not claim to, nor do they qualify for, any of the exceptions under Rule 3002(c). Thus, the Movants' claims cannot be considered timely filed under the applicable Bankruptcy Rules.

**II. The Court does not have the authority under its equitable powers to override the mandated deadline under Federal Rule of Bankruptcy Procedure 3002(c).**

The Movants request in their Memorandum that the Court use its equitable authority to extend the deadline for proofs of claim and consider the claims as timely filed. [Memorandum, p. 1-2]. However, a Bankruptcy Court's equitable powers are far from unlimited:

> Although it has been broadly stated that a Bankruptcy Court is a court of equity (citation omitted), the exercise of its equitable powers must be strictly confined within the prescribed limits of the Bankruptcy Act.

5

*Official Comm. of Equity Sec. Holders v. Mabey*, 832 F.2d 299, 302 (4th Cir. 1987) (citing *Guerin v. Weil, Gotshal & Manges*, 205 F.2d 302, 304 (2d Cir. 1953)). The *Mabey* court also asserts:

> While the equitable powers emanating from § 105(a) are quite important in the general bankruptcy scheme, and while such powers may encourage courts to be innovative, and even original, these equitable powers are not a license for a court to disregard the clear language and meaning of the bankruptcy statutes and rules.

*Mabey*, 832 F.2d at 302.

Other courts within the Fourth Circuit have applied this restraint of their equitable powers specifically in deciding whether to grant extensions under Rule 3002(c). *See, e.g.*, *In re Cassani*, No. 08-13185-SSM, 2009 Bankr. LEXIS 3716, at *5 (Bankr. E.D. Va. Nov. 16, 2009) ("The claims bar date, moreover, may not be extended under the court's general power to extend deadlines. Fed. R. Bankr. P. 9006(b)(3)."); *In re Nwonwu*, 362 B.R. 705, 707 (Bankr. E.D. Va. 2007) (citing 9 *Collier on Bankruptcy*, P 3002.03[1] (15th ed. rev. 2006)) ("Courts have uniformly held that no extension of the time fixed by Rule 3002(c) may be granted after the time has passed. The court has no equitable power to extend the time fixed by Rule 3002(c).").

While much of the caselaw denying extensions for late filed proofs of claim is in the context of Chapter 13, the rules being applied and the relevant rationale is equally applicable in a Chapter 7 context:

> Thus, Rule 3002(c) is strictly construed as a statute of limitations since the purpose of a claims bar date is "to provide the debtor and its creditors with finality" and to "insure the swift distribution of the bankruptcy estate." *In re Johnson,* 84 B.R. 492, 494 (Bankr. N.D. Oh. 1988). In the absence of one of the specific exceptions in Rule 3002(c), the court simply has no authority to grant the requested relief.

*In re Nwonwu*, 362 B.R. at 708.

Thus, in the circumstances of this case, it is not appropriate for the Court to exercise its equitable powers in disregard of a clear Bankruptcy Rule, even if there is no filed objection.[2]

## CONCLUSION

For all of the above stated reasons, the Movants' Motion to Allow Claims to be Considered Timely Filed is denied. A separate Order will follow.

---

[2] Section 501 of the Bankruptcy Code permits creditors to file a proof of claim. 11 U.S.C. § 502 provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." A party in interest may object if "proof of such claim is not timely filed[.]" 11 U.S.C. § 502(b)(9). "Untimeliness, therefore, may be asserted as a defense to tardily filed proofs of claim. The mere fact of tardiness does not appear to axiomatically render the proof of claim disallowed: a filed proof of claim is allowed until an objection is interposed and ruled on by the court." *In re Guidry*, No.7-01-02648, 2002 Bankr. LEXIS 659, at * 3 (Bankr. W.D. Va. June 3, 2002). No objection is filed here, and Section 726 of the Bankruptcy Code directs the trustee on the proper distribution of assets, and it distinguishes between timely allowed claims (11 U.S.C. § 726(a)(2)) and allowed tardily filed claims (11 U.S.C. § 726(a)(3)), since both subsections refer to "allowed" claims.